**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Willie | Darryl | Burns |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name |
| Case Number (If known) | 20-10131-SDB | | |

☒ **Check if this is an amended plan.**

## CHAPTER 13 PLAN AND MOTION

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

    (a) This plan:   ☒ contains nonstandard provisions. See paragraph 15 below.
    ☐ does not contain nonstandard provisions.

    (b) This plan:   ☒ values the claim(s) that secures collateral. See paragraph 4(f) below.
    ☐ does not value claim(s) that secures collateral.

    (c) This plan:   ☒ seeks to avoid a lien or security interest. See paragraph 8 below.
    ☐ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $ **520.00 per month** for the applicable commitment period of:

    ☒ 60 months; **or**

    ☐ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____ monthly on _____, 20____.)

    (b) The payments under paragraph 2(a) shall be paid:

    ☒ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☒ Debtor 1 **100** %   ☐ Debtor 2 _____ %

    ☐ Direct to the Trustee for the following reason(s):
       ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
       ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):
       _____

    (c) Additional Payments of $_____ (estimated amount) will be made on _____ (anticipated date)

from _____ (source, including income tax refunds).

3. **Long-Term Debt Payments.**

   (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

   | CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO BE MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
   |---|---|---|---|---|---|
   | First State Bank | Real Estate | Y | Debtor | May 2020 | $658.61 |

   (b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

   | CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
   |---|---|---|---|---|
   | First State Bank | Real Estate | Y | $3,745.22 | 0% |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

   (a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

   (b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $ **2,750.00** .

   (c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

   | CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
   |---|---|---|---|---|

   (e) **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a

purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Credit Acceptance Corporation | Hyundai Motor Vehicle | $12,254.00 | 5.5% | Min. of $235.00 |

(f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Bridgecrest Credit Company, LLC | Chrysler Motor Vehicle | $6,000.00 | 5.5% | Min. of $125.00 |
| Warehouse Home Furnishings Distributors, Inc. dba Farmers Furniture | Personal Property | $1,800.00 | 5.5% | Min. of $35.00 |
| Security Finance of Georgia, LLC | Personal Property | $ - 0 - | 0% | $ - 0 - |
| W. S. Badcock Corporation | Personal Property | $ - 0 - | 0% | $ - 0 - |

(g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100% ☐ with interest at _____ % per annum **or** ☐ without interest:

_____

(h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a __0__ % dividend or a pro rata share of $__0__, whichever is greater.

5. **Executory Contracts.**

(a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/ REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTOR(S) |
|---|---|---|---|---|
| | | | | |

(b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; **or** ☑ To the Trustee.

   | CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
   |---|---|
   | Credit Acceptance Corporation | $123.00 |
   | Bridgecrest Credit Company, LLC | $60.00 |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

   | CLAIMANT | ADDRESS |
   |---|---|
   | Alisha Walker c/o Child Support Recovery | 125 E. Church Street, Suite B, Sandersville, GA 31082 |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

   | CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
   |---|---|---|
   | Security Finance of Georgia, LLC | | Household Goods |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

   | CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
   |---|---|---|
   | Auto Money Title Pawn, LLC | BMW Motor Vehicle | In Full Satisfaction of Debt/Claim |
   | Auto Money Title Pawn, LLC | Chevrolet Motor Vehicle | In Full Satisfaction of Debt/Claim |

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

> a) UPON GRANT OF DISCHARGE IN THIS CASE, ALL SECURED CREDITORS BEING PAID THROUGH THE PLAN SHALL PROMPTLY RELEASE ALL COLLATERAL HELD AS SECURITY ON LOANS, AND SHALL PROMPTLY RELEASE AND/OR SATISFY ALL SECURITY DEEDS, SECURITY AGREEMENTS, UCC FILINGS, JUDGMENT LIENS, TITLES, AND/OR ANY OTHER LIEN CLAIM OF ANY KIND AGAINST PROPERTY OF THE DEBTOR. THIS PARAGRAPH SHALL IN NO WAY APPLY TO MORTGAGES AND/OR OTHER SECURED DEBTS THAT ARE NOT PAID THROUGH THE CHAPTER 13 PLAN.
> b) ALL PAYMENTS MADE BY THE CHAPTER 13 TRUSTEE TO THE INTERNAL REVENUE SERVICE AND/OR GEORGIA DEPARTMENT OF REVENUE, IF ANY, SHALL BE APPLIED FIRST TO THE PRE-PETITION PRINCIPAL OBLIGATION.
> c) THE PROVISIONS OF PARAGRAPH 9 HEREIN SHALL HAVE NO EFFECT, AND THE STAY SHALL REMAIN IN PLACE AS TO ANY CREDITOR LISTED THEREIN UNTIL PROOF IS PROVIDED THAT THEIR SECURITY INTEREST WAS TIMELY PERFECTED.
> d) CARMAX AUTO FINANCE PAID DIRECT BY CO-DEBTOR, BRENDA BURNS, ON NOTE SECURED BY NISSAN MOTOR VEHICLE.
> e) DEBTOR'S FEBRUARY 2020, MARCH 2020, AND APRIL 2020 POST-PETITION MORTGAGE PAYMENTS TO FIRST STATE BANK WILL BE INCLUDED IN THE PRE-PETITION ARREARAGE CLAIM AND WILL BE PAID PURSUANT TO THE TERMS OF PARAGRAPH 3(b) HEREIN.

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated: 5\8\2020

*/s/ Willie D. Burns*
*Debtor 1*

_____
*Debtor 2*

_____
*Attorney for the Debtor(s)*

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within and foregoing AMENDED CHAPTER 13 PLAN AND MOTION upon the following parties via CM/ECF electronic mail:

>Huon Le
>[VIA ECF]
>
>Office of the U. S. Trustee
>[VIA ECF]
>
>Nathan Edward Huff
>[VIA ECF]

I hereby certify that I have served a copy of the within and foregoing AMENDED CHAPTER 13 PLAN AND MOTION by First Class Mail, placing same in the United States Mail with proper postage affixed thereon, to the following addresses:

>Alisha Walker
>c/o Child Support Recovery
>125 E. Church Street
>Suite B
>Sandersville, GA 31082
>
>and
>
>SEE ATTACHED EXHIBIT "A"

I hereby certify that I have served a copy of the within and foregoing AMENDED CHAPTER 13 PLAN AND MOTION on the following corporations, addressed to an Agent or Officer, by First Class Mail, placing same in the United States Mail with proper postage affixed thereon, to the following addresses:

>Bridgecrest Credit Company, LLC
>Attn: Officer or Agent
>7300 E. Hampton Avenue, Suite 101
>Mesa, AZ 85209-3324
>(as shown on Exhibit "A")

Bridgecrest Credit Company, LLC
Attn: Officer or Agent
P.O. Box 29018
Phoenix, AZ 75038-9018
(as shown on Exhibit "A")

Bridgecrest Credit Company, LLC, Attn:
Corporation Service Co, Registered Agent
40 Technology Pkwy South, Suite 300
Norcross, GA 30092-2924
(as shown on Exhibit "A")

Security Finance of Georgia, LLC
Attn: Officer or Agent
112 Jackson Street
Thomson, GA 30824-2017
(as shown on Exhibit "A")

Security Finance of Georgia, LLC
Attn: Officer or Agent
P.O. Box 1893
Spartanburg, SC 29304-1893
(as shown on Exhibit "A")

Security Finance of Georgia, LLC, Attn:
C T Corporation System, Registered Agent
289 S. Culver Street
Lawrenceville, GA 30046-4805
(as shown on Exhibit "A")

W. S. Badcock Corporation
Attn: Officer or Agent
P.O. Box 724
Mulberry, FL 33860-0724
(as shown on Exhibit "A")

W. S. Badcock Corporation, Attn: C T
Corporation System, Registered Agent
289 S. Culver Street
Lawrenceville, GA 30046-4805
(as shown on Exhibit "A")

Warehouse Home Furnishings Distributors, Inc.
dba Farmers Furniture
Attn: Ellen Sumner, Registered Agent
1851 Telfair Street
Dublin, GA 31021

Warehouse Home Furnishings Distributors, Inc.
dba Farmers Furniture
Attn: Officer or Agent
P.O. Box 1140
Dublin, GA 31040-1140

I hereby certify that I have served a copy of the within and foregoing MENDED CHAPTER 13 PLAN MOTION on the following insured depository institutions,

addressed to an Officer of the institution, by Certified Mail with proper postage affixed thereon, to the following addresses:

N/A

This 8th day of May, 2020.

_____
John P. Wills
Attorney for Debtor

WILLS LAW FIRM, LLC
P.O. Box 1620
Thomson, GA 30824
706-595-8100



EXHIBIT "A"

```
Label Matrix for local noticing      ACIMA CREDIT, LLC                    ALLIED INTERSTATE
113J-1                               9815 S. MONROE STREET                P.O. BOX 19312
Case 20-10131-SDB                    4TH FLOOR                            MINNEAPOLIS MN 55419-0312
Southern District of Georgia         SANDY UT 84070-4384
Augusta
Fri May  8 14:13:35 EDT 2020

ALLIED INTERSTATE                    AT&T BANKRUPTCY CENTER               (p)AUTOMONEY  INC
P.O. BOX 4000                        P.O. BOX 769                         ATTN ABIGAIL SCUDDER DUFFY
WARRENTON VA 20188-4000              ARLINGTON TX 76004-0769              450 MEETING ST
                                                                          CHARLESTON SC 29403-5522

BELLSOUTH TELECOMMUNICATIONS, INC.   BRIDGECREST CREDIT COMPANY, LLC      BRIDGECREST CREDIT COMPANY, LLC
AT&T SERVICES, INC.                  ATTN:  OFFICER OR AGENT              ATTN: OFFICER OR AGENT
ONE AT&T WAY, ROOM 3A104             7300 E. HAMPTON AVENUE, SUITE 101    P.O. BOX 29018
BEDMINSTER NJ 07921-2694             MESA AZ 85209-3324                   PHOENIX AZ 85038-9018

BRIDGECREST CREDIT COMPANY, LLC, ATTN: Willie Darryl Burns                (p)CAINE & WEINER COMPANY
CORPORATION SERVICE CO, REGISTERED AGENT P.O. Box 883                     12005 FORD ROAD 300
40 TECHNOLOGY PKWY SOUTH, SUITE 300  Wrens, GA 30833-0883                 DALLAS TX 75234-7262
NORCROSS GA 30092-2924

CBA OF GA                            CLARITY SERVICES, INC.               CREDIT ACCEPTANCE CORPORATION
PO BOX 579                           P.O. BOX 5717                        25505 W. 12 MILE ROAD
MILLEDGEVILLE GA 31059-0579          CLEARWATER FL 33758-5717             SUITE 3000
                                                                          SOUTHFIELD MI 48034-8331

CREDIT BUREAU ASSOCIATES OF GA       CarMax Auto Finance                  (p)DIRECTV LLC
P.O. BOX 579                         225 Chastain Meadows Court Ste 210   ATTN BANKRUPTCIES
MILLEDGEVILLE GA 31059-0579          Kennesaw, GA 30144-5942              PO BOX 6550
                                                                          GREENWOOD VILLAGE CO 80155-6550

DISH NETWORK                         DISH NETWORK                         ENHANCED RECOVERY COMPANY
DEPT 0063                            P.O. BOX 94063                       P.O. BOX 57547
PALATINE IL 60055-0063               PALATINE IL 60094-4063               JACKSONVILLE FL 32241-7547

Express Cash                         (p)FARMERS FURNITURE                 FARMERS STATE BANK
450 Meeting Street                   ATTN CORPORATE CREDIT DEPT           P.O. BOX 99
Charleston, SC 29403-5522            PO BOX 1140                          LINCOLNTON GA 30817-0099
                                     DUBLIN GA 31040-1140

(p)FIRST STATE BANK                  Farmers Home Furniture-Thomson,GA    (p)GEORGIA DEPARTMENT OF REVENUE
ATTN ANGIE ADAMS                     Attn: Corporate Credit Department    COMPLIANCE DIVISION
PO BOX 555                           P.O. Box 1140                        ARCS BANKRUPTCY
WRENS GA 30833-0555                  Dublin, GA 31040-1140                1800 CENTURY BLVD NE SUITE 9100
                                                                          ATLANTA GA 30345-3202

GEORGIA FARM BUREAU                  GREGORY J. BARRO & ASSOCIATES        Nathan Edward Huff
P.O. BOX 7068                        400 TRAVIS STREET                    Cleary, West & Hawkins, LLP
MACON GA 31209-7068                  SUITE 1004                           1223 George C. Wilson Drive
                                     SHREVEPORT LA 71101-3117             Augusta, GA 30909-4502

                                                                          (via CM/ECF)
```

| | | |
|---|---|---|
| I.C. SYSTEM, INC.<br>444 HIGHWAY 96 EAST<br>P.O. BOX 64378<br>SAINT PAUL MN 55164-0378 | INTERNAL REVENUE SERVICE<br>P.O. BOX 7346<br>PHILADELPHIA PA 19101-7346 | John P. Wills ~~(crossed out)~~<br>Wills Law Firm, LLC<br>318 Jackson Street<br>P.O. Box 620<br>Thomson, GA 30824-5620 |
| Huan Le ~~(crossed out)~~<br>P.O. Box 2127<br>Augusta, GA 30903-2127<br>(via CM/ECF) | MERCHANTS & MEDICAL ADJUSTMENT<br>DBA CREDIT BUREAU ASSOCIATES<br>321 MAIN STREET NORTH<br>TIFTON GA 31794-4897 | NORTH AMERICAN CREDIT SERVICES<br>PO BOX 182221<br>CHATTANOOGA TN 37422-7221 |
| Nathan Edward Huff ~~(crossed out)~~<br>1223 George C. Wilson Drive<br>Augusta, GA 30909-4502<br>(via CM/ECF) | Office of the U. S. Trustee ~~(crossed out)~~<br>Johnson Square Business Center<br>2 East Bryan Street, Ste 725<br>Savannah, GA 31401-2638<br>(via CM/ECF) | Pinnacle Credit Services, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| SANTANDER CONSUMER USA INC.<br>P.O. BOX 560284<br>DALLAS TX 75356-0284 | SECURITY FINANCE OF GEORGIA, LLC<br>ATTN: OFFICER OR AGENT<br>112 JACKSON STREET<br>THOMSON GA 30824-2017 | SECURITY FINANCE OF GEORGIA, LLC<br>ATTN: OFFICER OR AGENT<br>P.O. BOX 1893<br>SPARTANBURG SC 29304-1893 |
| SECURITY FINANCE OF GEORGIA, LLC, ATTN:<br>C T CORPORATION SYSTEM, REGISTERED AGENT<br>289 S. CULVER STREET<br>LAWRENCEVILLE GA 30046-4805 | SEQUIUM ASSET SOLUTIONS, LLC<br>1130 NORTHCHASE PARKWAY<br>SUITE 150<br>MARIETTA GA 30067-6429 | SFC Central Bankruptcy<br>PO Box 1893<br>Spartanburg, SC 29304-1893 |
| THE PROGRESSIVE CORPORATION<br>6300 WILSON MILLS ROAD<br>MAYFIELD VILLAGE OH 44143-2182 | (p)UNIVERSITY HEALTH SERVICES  INC<br>ATTN COLLECTIONS DIVISION<br>620 THIRTEENTH ST<br>AUGUSTA GA 30901-1008 | United States Attorney<br>P.O. Box 2017<br>Augusta GA 30903-2017 |
| W. S. BADCOCK CORPORATION<br>ATTN: OFFICER OR AGENT<br>P.O. BOX 724<br>MULBERRY FL 33860-0724 | W. S. BADCOCK CORPORATION, ATTN: C T<br>CORPORATION SYSTEM, REGISTERED AGENT<br>289 S. CULVER STREET<br>LAWRENCEVILLE GA 30046-4805 | John P. Wills ~~(crossed out)~~<br>Wills Law Firm, LLC<br>P O Box 620<br>Thomson, GA 30824-5620 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| AUTO MONEY TITLE PAWN, LLC<br>450 MEETING STREET<br>CHARLESTON SC 29403 | (d)AUTO MONEY TITLE PAWN, LLC<br>476 MAIN STREET<br>THOMSON GA 30824 | CAINE & WEINER<br>P.O. BOX 55848<br>SHERMAN OAKS CA 91413 |
| DIRECTV<br>P.O. BOX 6550<br>GREENWOOD VILLAGE CO 80155-6550 | FARMERS FURNITURE<br>ATTN: OFFICER OR AGENT<br>P.O. BOX 1140<br>DUBLIN GA 31040-1140 | FIRST STATE BANK<br>P.O. BOX 555<br>WRENS GA 30833 |

```
(d)First State Bank                GEORGIA DEPARTMENT OF REVENUE           UNIVERSITY HEALTH SERVICES
PO Box 555                         COMPLIANCE DIVISION; ARCS BANKRUPTCY    620 13TH STREET
Wrens, GA 30833                    1800 CENTURY BLVD, NE, SUITE 9100       AUGUSTA GA 30901
                                   ATLANTA GA 30345-3202


(d)WAREHOUSE HOME FURNISHINGS DISTRIBUTORS,
INC., ATTN: ELLEN SUMNER, REG. AGENT
1851 TELFAIR STREET
DUBLIN GA 31021
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Willie Darryl Burns             End of Label Matrix
P.O. Box 883                       Mailable recipients   50
Wrens GA 30833-0883                Bypassed recipients    1
                                   Total                 51
```